IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODRIGO DOMINGUEZ,

       Petitioner,

vs.                                                                                    No. CV 15-1108WJ-KK

DEPARTMENT OF CORRECTIONS,
STATE OF NEW MEXICO,

       Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

       This matter comes before the Court, *sua sponte*, under rules 4 and 11 of the Rules Governing Section 2254 Cases, on Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). Also before the Court is Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2). The Court will grant the Motion and will dismiss the Petition for lack of jurisdiction.

       In a previous § 2254 proceeding, *Dominguez v. Hatch,* No. CV10-00354 JB-RLP, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding on double jeopardy grounds. *See Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records.) The Court dismissed the petition as untimely. The Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed his appeal. *Dominguez v. Hatch*, No. 11-2014 (10th Cir. 2011). Petitioner now brings a new § 2254 petition raising the double jeopardy constitutional claim of error in the state court criminal proceeding.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Nor does the Petition present a claim that was not presented in the prior application. Petitioner's double jeopardy claim is primarily a restatement of the argument made in his first petition as well as in his direct appeal in state court. Therefore, according to the factors in *Cline* and pursuant to § 2244(b)(1), the Court will dismiss Petitioner's Petition for lack of jurisdiction. The Court notifies Petitioner that filing further habeas corpus pleadings attacking the same conviction or sentence may result in imposition of filing restrictions.

Further, under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefore;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED for lack of jurisdiction, a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE